OPINION
{¶ 1} Mr. Hammond is appealing from the sentence imposed upon him after he entered a plea of guilty to receiving stolen property and to one count of forgery. A second forgery count was dismissed by the State. The trial court imposed one year terms of imprisonment on each count to be served concurrently, and also to be served concurrently with sentences in two other cases before the same court. All three cases are on appeal and are concurrently before this court. All three cases and their appeals stem from a period of time, several months late in the year 2001, during which, as his trial lawyer stated for the record, Mr. Hammond "was a one-man crime spree, not because he's an evil maniac or James Bond villain, he was a crack head. He had to do whatever in order to get his crack. He broke the law repeatedly. He got caught." (Tr. 193, Sentencing Hearing Mar. 14, 2002).
 {¶ 2} In two of these three appeals, Mr. Hammond's appellate attorney brings the following two identical assignments of error:
 {¶ 3} "I. Appellant's first assignment of error: The instant plea of guilty was not knowingly and freely given because the trial court failed to properly advise defendant of the maximum possible sentence and the state's burden of proof herein.
 {¶ 4} "II. Appellant's second assignment of error: The instant sentence violates the principles of sentencing per Ohio Revised Code Section 2929 and, thus, is illegal."
 {¶ 5} In the second assignment of error, appellant argues that because it was not established on the record that he had served a previous prison time, the trial court was required to impose only the minimum sentence of imprisonment, to-wit, six months. Appellant clearly is mistaken, however, since the record demonstrates that Mr. Hammond did serve time in a federal penitentiary previous to his current string of misdeeds. In fact, he admitted as much to the court on the record. (Tr. 194, Id.) Pursuant to R.C. 2929.14(B)(1), the court is not required to impose the shortest prison term for the offense when the offender previously had served a prison term. The second assignment of error is overruled.
 {¶ 6} In his first assignment of error, Mr. Hammond argues that the trial court committed an error in not using the word "maximum" when the court engaged the appellant in the required colloquy under Crim.R. 11(C) when it stated: "Do you understand the range of prison terms possible is anywhere from six months up to twelve months in prison? Defendant: Yes, ma'am." (Tr. Plea Hearing, Feb. 2002).
 {¶ 7} Mr. Hammond was not only a "one-man crime spree" during the period in question, he has an extensive criminal adult history, including seven misdemeanors and three felonies over a period of sixteen years. He has previously been sentenced on numerous occasions and actually served time in a federal prison. Furthermore, the trial court established on the record that he graduated from high school and knows how to read and write. It strains credulity to the breaking point to entertain for even a nanosecond the idea that Mr. Hammond, with his extensive criminal history and involvement with the courts, did not understand that the maximum imprisonment he could be sentenced to was twelve months when the court clearly stated that that was the permissible range of terms that ended in twelve months. The first assignment of error has no merit and is also overruled. The judgment is affirmed.
FAIN, P.J. and GRADY, J., concur.